Commonwealth of Pennsylvania, Department of Transportation, Appellant *v*. Jeffrey A. Cox, Appellee.

Submitted on briefs March 15, 1984, to Judges MacPhail, Barry and Blatt, sitting as a panel of three.

*Nancy J. Norkus*, Assistant Counsel, with her, *Harold H. Cramer*, Assistant Counsel, *Ward T. Williams*, Chief Counsel, and *Jay C. Waldman*, General Counsel, for appellant.

*Clifford J. Kirvan*, for appellee.

OPINION BY JUDGE MACPHAIL, June 14, 1984:

This is an appeal by the Department of Transportation (DOT) from an order of the Court of Common Pleas of Crawford County sustaining an appeal from a decision of the Bureau of Traffic Safety (Bureau) suspending the certificate of appointment of Mr. Cox's service station as an official inspection station.

From a stipulation of facts which constituted the evidentiary record before the court of common pleas, we learn that one Dan Covell occasionally contracted to do body work in Cox's service station in return for which the two of them would split the profits on Covell's work. As part of this business association, Covell was permitted by Cox to fill in Cox's official inspection report sheets even though he, Covell, was not authorized to perform inspections.

Sometime in the month of January, 1982, Covell stole an inspection sticker from Cox's files, placed it on his own automobile and then wrote the name of one of Covell's former customers in the official inspec-

.tion report sheet which would indicate that that person had been issued the stolen inspection sticker. The fraud was discovered and Cox was notified that his certificate had been suspended for 1 year for fraudulent record keeping.

The learned trial judge, after reviewing the relevant statutory law and the regulations adopted by DOT concluded that the Bureau's suspension order was incorrect because 1) Covell was not an employee of Cox and 2) even if he was an employee, Covell's actions were not within the scope of his employment.

Since there is no dispute as to the underlying facts of the case, our appellate review is limited to a determination of whether the court of common pleas erred as a matter of law. *J. C. Penney, Co. v. Department of Transportation, Bureau of Traffic Safety*, 45 Pa. Commonwealth Ct. 520, 405 A.2d 1041 (1979).

DOT is authorized by Section 4724(a) of the Vehicle Code (Code), 75 Pa. C. S. §4724(a), to suspend a certificate of appointment issued to a station which violates or fails to comply with the Code or regulations adopted by DOT. 67 Pa. Code §175.42(a) provides that fraudulent recording of an inspection sheet will be considered cause for the suspension of inspection privileges. 67 Pa. Code §175.221(1), at the time of the DOT's suspension order, authorized a 1 year suspension for fraudulent record keeping.[1] The critical issue in the case now before us is the interpretation of 67 Pa. Code §175.29 which provides in pertinent part

(a) *Personal liability.* It shall be the responsibility of the owner of an inspection station to do all of the following:

. . . .

---

[1] Section 175.221(1) was superseded by the current Section 175.-221.

(6) To assume full responsibility, with or without actual knowledge, for:

. . . .

(v) Any violation of the Vehicle Code or this chapter related to inspections committed by any employe of the inspection station.

As we have noted, the common pleas court found that Covell was not an employee and that his actions were those of a thief and therefore, not within the scope of his employment.

DOT does not base its suspension order on an employer-employee relationship; rather, the gravamen of its argument is that Covell was an agent of Cox and that, under governing principles of agency law, Cox was responsible for Covell's actions. We are inclined to agree with DOT that when Cox authorized Covell to make entries in the official inspection report sheets, Covell thereby became Cox's agent in that regard with Cox being in control of the situation. *Scott v. Purcell,* 490 Pa. 109, 415 A.2d 56 (1980). Cox's certificate was suspended not for Covell's theft of the inspection sticker and the unauthorized use thereof, but for the fraudulent entry on the inspection sheet. While Covell's acts regarding the sticker were outside of the scope of his authority to make entries on the inspection sheet, his fraudulent entry thereon was not.

A master is normally penalized for the violation of statutory provisions by a servant acting within the scope of his authority even though the agent acted disobediently and the master had no reason to anticipate such misconduct. Restatement (Second) of Agency §217 D comment b (1958). Thus, not only the regulations promulgated by DOT but the principles of agency law make Cox's knowledge of Covell's fraudulent entry irrelevant in determining Cox's responsibility. The strict liability imposed upon inspec-

tion station owners by Section 4724(a) was a substantial change from prior law,[2] but the wisdom of the legislation is for the legislature, not the courts.

Order reversed.

ORDER

The order of the Court of Common Pleas of Crawford County dated December 15, 1982 is reversed; the order of the Bureau of Traffic Safety of the Pennsylvania Department of Transportation is reinstated.

---

DISSENTING OPINION BY JUDGE BARRY:

I dissent on the basis of the stipulation of facts dated October 26, 1982, and the able opinion and order of P. RICHARD THOMAS, P.J. filed December 15, 1982, reported at     Pa. D. & C.3d     (198 ).

---

[2] Section 819(b) of the Act of April 29, 1959, P.L. 58, *as amended*, 75 P.S. §819(b).